UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTIRCT OF PENNSYLVANIA

| | |
|---|---|
| MARK B. JONES,<br>　　　　Plaintiff,<br>vs.<br><br>PPL ELECTRIC<br>UTILITIES CORPORATION<br><br>　　　　Defendant. | ELECTRONICALLY FILED<br><br>No.:<br><br>Judge:<br><br>Civil Action-Law<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**AND NOW,** come the plaintiff, Mark B. Jones, by and through his attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.   Plaintiff initiates this action to seek redress against PPL Electric Utilities Corporation (hereinafter "Defendant"), his current employer, for unlawful disability discrimination under the Americans With Disabilities Act (hereinafter ADA), for unlawful age discrimination under the Age Discrimination in Employment Act (hereinafter ADEA), for Family and Medical Leave Act (hereinafter FMLA) retaliation/interference and other applicable laws.

### II. PARTIES

2. Plaintiff is an adult and competent individual residing at 1736 Monsey Ave, Scranton, PA 18509.

3. Defendant is PPL Electric Utilities Corporation, is a corporation authorized to do business in the state of Pennsylvania, with a principal place of business located at PPL Bldg., 2 North 9th Street, Allentown, PA 18101.

### III. JURISDICTION AND VENUE

4. Defendant is an "employer" within the meaning of the Americans with Disabilities Act of 1990 (ADA), the Age Discrimination in Employment Act (ADEA) and the Family and Medical Leave Act (FMLA), as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifty (50) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5. Defendant maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the PHRA (requiring four of more employees).

6. Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7. Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the defendant can be served in the District.

8. Plaintiff has exhausted his administrative remedies, having received an EEOC Dismissal and Notice of Rights dated September 18, 2017.

9. Defendant is an "employer" within the meaning of the Americans With Disabilities Act (ADA), as it engaged in an industry affecting interstate commerce and because

it maintained or maintains fifteen (15) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

10. Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act (ADEA), as it engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

11. Defendant is an "employer" within the meaning of the Family Medical Leave Act (FMLA), as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifty (50) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

## IV. FACTUAL BACKGROUND

12. Plaintiff began his work with the defendant on March 16, 1981, and was employed in various positions through 1987, when he became a Journeyman/Lineman apprentice. In approximately 1991 plaintiff became a full time Journeyman/Lineman before being promoted to Troubleman in approximately 2006 through January 4, 2016.

13. Plaintiff was at all relevant times over the age of 40, having been born on April 30, 1957.

14. Plaintiff worked in excess of 1250 hours in the 12 months prior to taking FMLA leave.

15. Plaintiff was at all relevant times qualified for the position of Troubleman.

16. Plaintiff was provided a yearly performance reviews most years during his employment with the defendant.

17. Each performance review through 2014 indicated that Plaintiff consistently fulfilled or exceeded expectations set forth by defendant.

18. In 2015 plaintiff received a "progress review" for the review period of April 1, 2015 through June 30, 2015, in which defendant took issue with plaintiff's performance on dates outside of the review period. For example, while the review period is stated as April 1, 2015 through June 30, 2015, the progress review refers to negative events occurring in July and August 2015. Furthermore, plaintiff denies these events ever occurred.

19. In the above referenced progress review, defendant informed plaintiff on September 22, 2015, that he would be demoted to Journeyman Lineman barring satisfactory improvement within the following 3 months.

20. On November 11, 2015, plaintiff responded to a call where he delayed taking immediate action, as he believed the defendant's safety rules required two men to perform the assigned task.

21. Particularly, plaintiff was called to a power outage in Clifford PA, upon responding, plaintiff was asked to ascend a utility pole to cut the top power line. In order to cut the top line, plaintiff's face would have been within a foot of the line below. The defendant's safety rules required a second person to complete the aforesaid task.

22. On November 18, 2015, plaintiff was put on a one-day suspension and enrolled in the 24-month Responsible Behavior Program for his actions on November 11, 2015.

23. On December 22, 2015, due to arthritis complications, plaintiff informed his supervisor, Paul Mondello, that he would be taking FMLA leave for the month of February 2016.

24. Within a few hours, an unsatisfactory performance review resulting in plaintiff's demotion and consequent pay cut was processed.

25. The FMLA leave was recommended by plaintiff's treating rheumatologist, Dr. Eugene Grady, to treat plaintiff's arthritis.

26. The FMLA leave was approved by PPL's third party administrator, Sedgwick James.

27. Defendant claimed that plaintiff's performance was unsatisfactory April through December of 2015, citing that unsatisfactory performance as the reason for plaintiff's demotion.

28. Plaintiff's demotion from Troubleman to Journeyman Lineman went into effect on January 4, 2016.

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

29. Paragraphs 1 through 28 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

30. Plaintiff is a member of the suspect class, being over 40 years old at all times relevant hereto, having been born April 30, 1957.

31. Plaintiff suffered adverse employment action as he was demoted from Troubleman to Journeyman Lineman.

32. Plaintiff's Troubleman position was filled by a substantially younger, male employee, who was in his mid thirties.

33. Plaintiff was at all times relevant hereto qualified for the position of Troubleman, as plaintiff worked in that position for approximately 10 years prior to his demotion and has since his demotion, been asked by PPL, to cover the Troubleman position for other employees. As further evidence that plaintiff was qualified for the position of Troubleman, plaintiff, at the request of PPL, trained his substantially younger replacement.

34. The foregoing conduct by the defendant constitutes unlawful discrimination against plaintiff on the basis of age.

35. As a result of the defendant's unlawful discrimination, plaintiff has suffered damages as set forth herein.

Wherefore, plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT II
## FMLA RETALIATION/INTERFERENCE

36. Paragraphs 1 through 35 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

37. As stated above the plaintiff invoked his rights to FMLA benefits by asserting and exercising his right to FMLA leave.

38. Within hours of advising his supervisor that he was going to exercise his FMLA rights, the plaintiff was demoted.

39. The reasons offered by the defendant for plaintiff's demotion were a pretext for the real reason, which was plaintiffs' exercise of his rights under the FMLA.

40. Retaliation and/or interference with FMLA rights are unlawful.

41. The Defendant herein retaliated against and/or interfered with the legal and proper exercise of FMLA rights by the plaintiff.

42. As a result of the Respondent's unlawful discrimination, plaintiff has suffered damages as set forth herein.

Wherefore, Complainant seeks damages as set forth in the ad damnum clause below.

### COUNT III
### ADA DISCRIMINATION

43. Paragraphs 1 through 42 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

44. Plaintiff is a "qualified individual with a disability" as the term is defined in the ADA, because he has, and has had, at all times relevant hereto, a physical impairment that substantially limits one or more of her major life activities, or because he has a record of such impairment.

45. Plaintiff has arthritis, which limits plaintiff's major life activity, as it, from time to time, limits plaintiff's ability to move about and to function.

46. Plaintiff was also perceived or regarded by the defendant as having a physical impairment substantially limiting one or more of her major life activities.

47. The foregoing conduct by the defendant constitutes unlawful discrimination against plaintiff on the basis of his disability or perceived disability.

48. As a result of the defendants' unlawful discrimination, plaintiff has suffered damages as set forth herein.

Wherefore, plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, plaintiff prays that judgment be entered in his favor as follows:

a. The defendant be permanently enjoined form permitting ADEA discrimination against plaintiff;

b. The defendant be prohibited from continuing to maintain it illegal policy, practice, or custom of permitting ADEA discrimination and be ordered to promulgate an effective policy against such illegal practices;

c. The defendant be permanently enjoined form permitting ADA discrimination against the plaintiff;

d. The defendant be prohibited from continuing to maintain it illegal policy, practice, or custom of permitting ADA discrimination and be ordered to promulgate an effective policy against such illegal practices;

e. The defendant be permanently enjoined form permitting FMLA discrimination against the plaintiff;

f. The defendant be prohibited from continuing to maintain it illegal policy, practice, or custom of permitting FMLA discrimination and be ordered to promulgate an effective policy against such illegal practices;

g. The defendant is to be permanently enjoined from retaliating against the plaintiff for exercising his rights under Federal law;

h. The defendant is to be prohibited from continuing to maintain it illegal policy, practice, or custom of retaliating against employees for engaging in protected activity under Federal law and be ordered to promulgate an effective policy against such illegal practices;

   i. Defendant is to compensate plaintiff, reimburse plaintiff, and make him whole for any and all pay and benefits he would have received had it not been for defendant's unlawful actions, including, but not limited to, back pay, front pay, salary, pay increases, bonuses, medical and other benefits, reduction in social security retirement benefits, increased tax liability associated with a lump sum verdict, training, promotions, pension, and seniority;

   j. Plaintiff is to be awarded actual damages caused to him by defendant's actions;

   k. Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the defendant for it willful, deliberate, malicious, and outrageous conduct, and to deter defendant or any other employees from engaging in such misconduct in the future;

   l. Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

   m. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law;

   n. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure defendant does not engage in further, or ceases engaging in, illegal retaliation against plaintiff or other witnesses to this action.

           Respectfully submitted,
           THE HANCHULAK LAW OFFICES, P.C.

         By: *s/Gerald J. Hanchulak*
           Gerald J. Hanchulak, Esq.
           Attorney ID PA 56320

                                                                   Attorneys for Plaintiff

604 South State Street  
Clarks Summit, PA   18411  
(570) 319-6642  
ghanchulak@hanchulaklaw.com